IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN WARD, (TDCJ-CID #1426930) § § § Plaintiff, § § vs. § CIVIL ACTION H-10-3395 § Captain PETERSON, *et al.*, § § § Defendants. § | |

## MEMORANDUM AND OPINION

Brian Ward, an inmate of the Clements Unit of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in September 2010, alleging civil rights violations resulting from a denial of due process and a failure to protect his safety. Ward, proceeding *pro se* and *in forma pauperis*, sued officials from the Bryan, Texas Police Department, the TDCJ-CID, and the Brazos County, Texas Sheriff's Department, as well as the District Attorney for the City of Bryan and the judges of the 272nd Judicial District Court and the 85th Judicial District Court of Brazos County, Texas.

The threshold issue is whether Ward's claims are barred because he filed them too late. This court concludes that Ward's claims based on events before September 20, 2008 must be dismissed because they are barred by the statute or limitations. Ward's remaining claims are dismissed without prejudice to refiling in the proper federal court in the Northern District of Texas, if they are not duplicative of claims previously filed in that court. The reasons for these rulings are set forth in more detail below.

I.    **Plaintiff's Allegations**

On March 1, 2000, Ward was arrested. He alleges that on March 4, 2006, he was assaulted by employees of the Brazos County Sheriff's Office. On March 13, 2006, the Texas Department of Public Safety conducted a drug analysis of a substance submitted by the Brazos County District Attorney's Office. Ward was prosecuted for possession of a controlled substance. Ward alleges that on March 2, 2001, the judge of the 85th Judicial District Court of Brazos County intimidated him and his counsel by "hovering" over them and giving an erroneous charge to the jury. On June 15, 2001, Ward was convicted of assault on a public servant. (Cause Number 28438272.) Ward alleges that the defendants suppressed a videotape showing the use of force against him during his arrest; that he was deprived of the assistance of counsel in filing appeals from the conviction; and that the Brazos County District Attorney failed to protect him from corrupt public officials.

Ward alleges that on September 26, 2006, officers of the Bryan Police Department conducted an illegal search of his home and illegally seized his property.

Ward alleges that on August 4, 2010, officials at the Clements Unit intimidated him by falsely charging him with disciplinary violations and sought to prevent his release to parole. He alleges that on August 6, 2010, prison officials at the Clements Unit failed to protect him from harassment. He alleges that corrupt prosecutors are obstructing justice and conspiring with prison officials to "build their Aryan Ku Klux Klan white America." Ward alleges that on August 22, 2010, he had to protect himself from a murder-for-hire plot and that prison officials retaliated against him and conspired to murder him.

Ward seeks a declaratory judgment that the various defendants violated his civil rights, an injunction compelling the defendants to release him from their "illegal scheme," and $52,000,000 as compensatory damages.

## II.     Discussion

A district court must on its own dismiss a prisoner's *in forma pauperis* § 1983 suit if it is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss the suit "'before service of process or before the filing of the answer' as long as certain safeguards are met." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

A claim cannot proceed if it is barred by limitations. Because there is no federal statute of limitations for § 1983 actions, federal courts borrow the forum state's general personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Texas has a two-year limitations period for personal injury actions. TEX. CIV. PRAC. AND REM. CODE ANN. § 16. 003(a). Although state law determines the length of the limitations period under § 1983, federal law determines when it begins to run. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Generally, in Texas, "a cause of action accrues when a wrongful act causes a

legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 221 (Tex. 2003) (citing *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex. 1996)); *Childs v. Haussecker,* 974 S.W.2d 31, 36 (Tex. 1998). The statute of limitations begins to run when facts exist that authorize a claimant to seek a judicial remedy. *Johnson & Higgins of Tex. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 514 (Tex. 1998). Stated another way, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex. 1996). "[L]imitations begin[s] to run when the fact of injury is known, not when the alleged wrongdoers are identified." *Russell v. Ingersoll-Rand Co.,* 841 S.W.2d 343, 344 n.3 (Tex. 1992) (citation & internal quotation marks omitted).

Ward complains of several unrelated events beginning in March 2000, when he was arrested in Bryan, Texas, and ending in August 2010, when prison officials at the Clements Unit allegedly retaliated against him and failed to protect him. Ward filed this suit on September 20, 2010. His claims based on events that took place before September 20, 2008 are barred by limitations. Ward filed two other lawsuits in this court raising similar claims relating to the conduct of the Bryan Police Department in 2006, Civil Action Numbers 4:10-2890 and 4:10-3401. This court dismissed both lawsuits on October 13, and 14, 2010 because they were barred by limitations.

The statute of limitations bars Ward from asserting his civil rights claims for events before September 20, 2008. These claims are dismissed with prejudice under 28 U.S.C. § 1915(e). *Ali v. Higgs,* 892 F.2d 438 (5th Cir. 1990).

### III. Ward's Remaining Claims

Ward also alleges events at the Clements Unit in August 2010. The Clements Unit is located in Potter County, Texas. Those events have no connection to the Southern District of Texas, Houston Division. These claims were not properly filed in this district. *See* 28 U.S.C. § 1391(b); *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991). The claims should proceed in the Northern District of Texas.

Ward has filed two other lawsuits, Civil Action Numbers 2:2010-0194 and 2:2010-0221, which are currently pending in the Northern District of Texas. In Civil Action Number 2:2010-0221, the court ordered Ward to show cause by October 18, 2010 why his lawsuit should not be dismissed for failure to state a claim. In Civil Action Number 2:2010-0194, the court ordered Ward to file an amended complaint, which he did on August 20, 2010. From the pleadings, it is not clear whether Ward's remaining claims in this case are duplicative of claims he has already made against prison officials in Civil Action Numbers 2:2010-0194 and 2:2010-0221. Even giving Ward's pleadings a liberal construction, it is not clear that the allegations state a claim because they may duplicate claims already pending before the United States District for the Northern District of Texas, Amarillo Division.

Ward's claims arising from events at the Clements Unit are dismissed without prejudice to refiling in the United States District Court for the Northern District of Texas, Amarillo Division, if the claims are different from those already filed in that court. Ward is warned that in the event he elects to refile his claims, he will be subject to the filing fee requirement of the Prison Litigation Reform Act.

IV.     **Conclusion**

Ward's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is granted. His claims based on events before September 20, 2008 are dismissed with prejudice under 28 U.S.C. § 1915(e)(2). His claims based on events at the Clements Unit after September 20, 2008 are dismissed without prejudice to refiling in the United States District Court for the Northern District of Texas, Amarillo Division, if the claims have not already been filed in that court.

The TDCJ-CID must deduct twenty percent of each deposit made to plaintiff's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)     the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)     the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on October 20, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge